## Case No. 7,799.

### KING v. MAUDELBAUM.

[8 Blatchf. 468; 4 Fish. Pat. Cas. 577.] [1]

Circuit Court, S. D. New York. June 9, 1871.

PATENTS — IMPROVEMENT IN FLUTING MACHINES — INFRINGEMENT.

1. The re-issued letters patent granted to George E. King, June 23d, 1868, for an "improvement in fluting machines," and the re-issued letters patent granted to him, on the same day, for an "improvement in fluted puffing," are valid.

2. The inventions covered by those two patents, described.

1 [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 8 Blatchf. 468, and the statement is from 4 Fish. Pat. Cas. 577.]

3. Fluted trimming made in accordance with letters patent granted to Lehman H. Maudelbaum, December 1st, 1868, for an "improvement in fluted trimming," is an infringement of the patent to King secondly above named.

4. The plaintiff claimed an arched guide, in combination with fluting rollers. The defendant used the same combination, changing, however, the position of the arched guide; but the guide operated in the same way as the plaintiff's guide, to produce, in combination with the rollers, the same result that the plaintiff produced: *Held*, that the defendant's machine infringed the plaintiff's patent.

[Cited in Kursheedt v. Werner, Case No. 7,947.]

[This was a bill in equity, filed to restrain the defendant [Lehman H. Maudelbaum] from infringing letters patent [No. 62,492] for "improvement in fluting machine," granted to George E. King, February 26, 1867, and re-issued in two divisions, one numbered 3,000, for "improvement in fluting machine," and one numbered 3,001, for "improvement in fluted puffing," both dated June 23, 1868. The machine consisted of two rollers meshing together in certain portions of their periphery, and having curved guides to present the material in a proper manner, and pressing arms which fitted depressions in the rollers. The claim of the original patent and of reissue 3,000 was as follows: "The guide E, constructed with one or more curved or arched portions a', in combination with suitable fluting rollers, substantially as herein set forth, for the purpose specified." The claim of reissue 3,001 was as follows: "The within described puffing as a new article of manufacture, the same being formed by crinkling, gathering, or irregularly waving one portion of the strip of muslin or other material, simultaneously with fluting it along the edges of such portion as at g, and forming flattened borders or portions h, outside of the flutes, or between two next adjacent rows of them, to receive stitching, substantially as specified." The defendant was manufacturing fluting under letters patent for "improvement in fluted trimming," granted to him December 1. 1868. In the fluting described in this patent. the row or rows of large flutes were bounded on either side by parallel rows of small flutes having marginal flattened borders. The claim was as follows: "The with n described compornd fluting m .de of muslin, or other suitable material, and composed of large, regularly formed flutes c c, divided by straight line depressions e e, and bounded on either side by more numerous and smaller flutes b b, having flattened borders a a, exterior to them, substantially as shown and described."] [2]

[For drawings of reissued letters patent Nos. 3,000 and 3,001, see Case No. 7,809.]

Clarence A. Seward and Stephen D. Law, for plaintiff.

Edwin W. Stoughton and Charles B. Stoughton, for defendant.

2 [From 4 Fish. Pat. Cas. 577.]

BLATCHFORD, District Judge. This suit is founded on two letters patent, granted to the plaintiff June 23d, 1868, reissues of original letters patent, granted to him February 26th, 1867. One of them, reissue No. 3,-000, is for an "improvement in fluting machines." The other, reissue No. 3,001, is for an "improvement in fluted puffing."

The specification of reissue No. 3,000 says: "This invention is designed for making puffing, applicable to shirt bosoms, trimming, or other purposes of dress, in which the article, as it issues from the machine, is (without having recourse to laundering) delivered in a complete form, either singly, or in two or more series or rows, composed of flattened borders, with flutes, running along their inner edges, and puffed or crinkled surfaces between the flutes. The invention consists in a guide, constructed with one or more curved or arched portions, in combination with one or more suitable fluting-rollers, whereby the material, in passing through the machine, is fluted, and contracted laterally, as it were, or drawn up between the flutes, to produce the required crinkled surface or surfaces in the puffing." The puffing made is formed of strips of any suitable fabric, and of a width, when finished, nearly or quite equal to the length of the fluting-rollers. It has longitudinal portions which are fluted transversely to the length of the strip; also, longitudinal portions in which the fabric is pressed flat, and through which longitudinal rows of stitching are formed, to render permanent the conformation of the puffing; and longitudinal portions which are intended to be wider than the other longitudinal portions, and are puffed or crinkled in such manner as to have an irregular, wavy surface. In order to form these several portions of the puffing, each of the fluting-rollers, which are two in number, is formed with as many annular or circumferential series of grooves and flutes as there are fluted portions in the finished puffing; and with as many smooth, narrow, annular faces as there are flattened portions in such puffing; and with as many comparatively broad portions as there are puffed portions in such puffing. Each of such parts of the rollers is of the same width as that portion of the completed puffing which it is designed to shape; and such comparatively broad portions are of such diameter, that, when the two rollers are in proper position, those on one roller will be situated at such distance from those on the other roller, that no considerable pressure will be exerted on the fabric as it passes between them, and between the several series of grooves and flutes on one roller which gear into those upon the other roller. A presser is arranged in connection with each pair of the narrow annular faces, to press flat the portion of the fabric which has passed between such faces. The fluting-rollers being set with their axes horizontal, an inclined guide is arranged in front of the lower roller. This guide is composed of two pieces of sheet metal, one secured over the other, with such a space between them as to permit the passage of the fabric through such space. Those parts of the guide which are in front of the comparatively broad portions of the rollers (such portions being plain, cylindrical surfaces) are curved upward, or arched transversely, in such a manner that the width of the fabric passed between each pair of such portions will be greater, if stretched out to its full extent, than the width of each of such portions, so that the fabric will, by means of such increased width, be crinkled or puffed in passing between such portions. By the operation of the machine, those parts of the fabric which pass between the several opposite series of grooves and flutes, in the two rollers, are fluted. Those parts which pass between the smooth, narrow, annular faces, are formed into gathers, by the fluting of the fabric at the sides or edges thereof, and are then pressed flat by passing under the pressers. Those parts of the fabric which pass through the curved or arched parts of the guide, being, if stretched to their full width, wider than the width of the comparatively broad portions of the rollers, and being also gathered by the fluting formed at their sides or edges, assume a crinkled or puffed form as they pass between such comparatively broad portions of the rollers, the distance between such opposite portions being such that no pressure is exerted upon the fabric passing between them, beyond that required to press the convex surfaces thereof downward to a sufficient degree to insure the shaping thereof into the puffed condition. The puffed portion is between two strips of flutes, and the flattened portion is between two strips of flutes. The extent to which the material will be contracted laterally, or drawn up, between the flutes, will be governed by the excess in length, in transverse section, of the arched portions of the guide over a straight line or straight lines connecting such arched portions at their base. By these means, the fluted puffing is brought into the form required in the finished article, without the necessity of washing it in order to bring the puffing into such form. To complete the puffing, longitudinal rows of stitching are formed in its flattened parts, to retain it in shape, and it may be divided longitudinally in such parts. The claim of the patent is as follows: "The guide E, constructed with one or more curved or arched portions, a', in combination with suitable fluting-rollers, substantially as herein set forth, for the purpose specified."

Reissue No. 3,001 is for the puffing before mentioned, as an article of manufacture. The specification of that reissue says: "My invention consists in the production, as a new article of manufacture, of a puffing, applicable to shirt bosoms, trimming, or other purposes of dress, in which the completed article, prior to laundering or washing, is made up of either a single row, or two or more parallel se-

ries or rows, each consisting of flattened borders, with flutes running along their inner edges, and a puffed, or gathered, or crinkled surface or surfaces between the flutes." The puffing is then described, as in re-issue No. 3.000, and it is stated that it may be made by the machine described in such re-issue. The claim is as follows: "The within described puffing, as a new article of manufacture, the same being formed by crinkling, gathering, or irregularly waving one portion of the strip of muslin, or other material, simultaneously with fluting it along the edges of such portion, as at g, and forming flattened borders or portions, h, outside of the flutes, or between the two next adjacent rows of them, to receive stitching, substantially as specified." It appears clearly, from the specification, that the puffed or gathered or crinkled or wavy portions of the article are to be such as would be formed by means of an arched guide, which causes the width of the material which passes through the arched guide to be greater than the width of the part of the roller which is opposite to the arched guide, and between the fluted portions of the roller.

The defendant has made and sold trimming such as is described and represented in letters patent granted to him, December 1st, 1868, for an "improvement in fluted trimming." It is claimed that he has made such trimming by a machine which infringes re-issue No. 3,000, and that the manufacture and sale of such trimming is also an infringement of re-issue No. 3,001.

The defendant's machine has two rollers furnished with smooth, narrow annular portions, and with grooved and fluted portions, as in the plaintiff's machine. But, instead of having smooth, cylindrical portions, to form, in connection with the arched guide exterior to the rollers, the crinkled part of the puffing, the defendant has transferred the arched guide to one of the rollers, by placing thereon, on the portion between the fluting instrumentalities on that roller, knobs or buttons, which form a series circumferentially around the roller, and have between each two of them a depression. The exterior surfaces of these knobs or buttons perform the same office as the arched portions of the plaintiff's guide, and cause a greater width of fabric to be taken up and passed through over the knobs or buttons, than the width of the base of the knob or button in a straight line between the two adjacent fluted portions of the roller. The material is contracted laterally, or drawn up, between the flutes, in proportion to the excess in length of the arched exterior transverse surface of the knob or button over a straight line connecting such arched surface at the base of the knob. There are, on the other roller, depressions matching the knobs. The plaintiff claims, in substance, a curved or arched guide, in combination with suitable fluting rollers, to contract the material or draw it up laterally between the flutes, so that there shall be, in the finished fabric, a greater width of material than the width on the roller, in a straight line, between the two fluted portions of the roller, in a line parallel to the axis of the roller, and so that such greater width of material shall thereby have given to it a crinkled or puffed or wavy conformation. The defendant has the arched guide in combination with the fluting rollers. He has merely changed the position of such guide. It operates in the same way as the plaintiff's arched guide, to produce, in combination with the rollers, the same result that the plaintiff produces. In the puffing or trimming produced by the defendant's machine, the material which passes over the knobs is crinkled by the operation, and the two machines produce puffings which are substantially identical in appearance and structure. The fact that the defendant does not continue his arched elevation unbroken around the circumference of the roller, but breaks it by depressions, makes no difference. Where the knobs are, there he avails himself of the plaintiff's invention.

So, too, the trimming made by the defendant is an infringement of re-issue No. 3,001. The fact that the crinkling or waving is not continuous, but is broken, according to the depressions between the knobs in the machine, while the fluted portions and the flattened portions are continuous, does not destroy the substantial identity of the trimming with that described and claimed in the plaintiff's patent.

Nothing that has been put in evidence by the defendant affects the novelty or validity of either one of the plaintiff's patents. None of the prior machines produced, or could produce, a puffing or trimming having the peculiar structure and characteristic of the plaintiff's puffing, in respect to the increased width of material in the crinkled portion, and none of them had the arched guide, or any equivalent therefor, in operation or effect. As to the machine made by F. & C. Wuterich, in 1854, for Zulzer and Adler, to make bonnet linings shaped like a half-moon, by means of one metal conical roller and one paper conical roller, it could not have made the puffing which the plaintiff makes by his arched guide. It was a stamping or embossing machine. Nor is it shown that any such puffing, in structure, as that of the plaintiff existed before his invention, whether made by machinery or by hand—that is, puffing in which the crinkled portion is such as would be formed by an arched guide taking up an excessive width of material.

There must be a decree for the plaintiff, for a perpetual injunction and an account of profits, as to each of his patents.

[For other cases involving this patent, see Kursheedt v. Werner. Case No. 7,947; King v. Werner, Id. 7,809; Werner v. King, 96 U. S. 218.]